# MEMORANDA

OPINIONS NOT OTHERWISE REPORTED

NETTIE F. VALENTINE and Others, Plaintiffs, *v.* THE FIRE ISLAND BEACH DEVELOPMENT COMPANY, Defendant.

Supreme Court, Suffolk County, August, 1922.

*Partition — recording of deed subsequent to filing of lis pendens — when grantee bound by judgment — unknown parties.*

PARTITION action.

*Percel L. Honsel,* for plaintiffs.

*Hirsh, Newman & Reass,* for defendant.

SQUIERS, J. The defendant's motion to dismiss the complaint is granted, with costs. The judgment in the partition suit, *Green v. Sammis,* cut off any interest which Sarah Furman may have had in the property in question. The deed from Timothy Ketcham to Sarah Furman, purporting to convey an interest in the premises, bears date April 22, 1871, and was recorded July 5, 1873, subsequent to the filing of the *lis pendens* in the partition suit of *Green v. Sammis.* It does not appear from the record that Sarah Furman or her predecessor in title, Timothy Ketcham, ever entered into possession of any portion of the premises, nor did she take any steps to assert any right in the property in question, although she lived until April 6, 1908; in other words, she lived thirty-seven years after the deed referred to. She was properly struck out as a party defendant in the action of *Green v. Sammis* and she was bound by the judgment as an unknown party. Her interest, if any, with that of other unknown owners, was transferred to the three other lots on the partition map set apart by the commissioners for unknown owners. It follows necessarily that the heirs of Sarah Furman, the plaintiffs in this action, are barred by the judgment in *Green v. Sammis* and have no interest in the premises in question.

Judgment accordingly.

The judgment dismissing the complaint in this action was affirmed by the Appellate Division, second department, March 17, 1923. Kelly, Kelby and Young, JJ., concurred; Jaycox and Kapper, JJ., dissented.